UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AVINA, | 1:10-cv-00790 OWW MJS HC |
| Petitioner, | ORDER GRANTING LEAVE TO AMEND TO FILE SUPPLEMENTAL PETITION AND DIRECTING CLERK OF COURT TO SEND BLANK § 2254 FORM PETITION |
| v. | |
| DARREL G. ADAMS, | [Docs. 1, 8] |
| Respondent. | |

Petitioner is a California state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on May 5, 2010. (Pet., ECF No. 1.) On July 15, 2010, Petitioner filed a first amended petition. (First Am. Pet., ECF No. 8.) The original petition was filed using a Section 2254 form petition accompanied by significant briefing and exhibits in support of the petition. (Pet.) Petitioner's second amended petition is three pages in length, does not use the Section 2254 form petition or incorporate any exhibits. (First Am. Pet.)

Rule 2 of the "Rules Governing Section 2254 Cases" provides that the petition "... must specify all the grounds for relief available to the petitioner; state the facts supporting each ground; state the relief requested..." Rule 2 of the Rules Governing 2254 Cases. Rule 2 further provides that the petition "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule. The clerk must make forms

available to petitioners without charge." Id. at 2(c).

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2255 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

In the initial petition, it appeared that Petitioner was challenging the validity of an October 2, 2008 prison disciplinary proceeding. (Pet. at 5.) In the first amended petition, Petitioner discusses several facts pertaining to the October 2, 2008 disciplinary proceeding. (First Am. Pet.) The first amended petition omits significant pleadings and attachments presented with the original petition.

Petitioner is advised that an amended petition supercedes the original petition, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. Accordingly, Petitioner's supplement to his petition is not appropriate. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)). The Court will grant Petitioner leave to determine the pleadings and exhibits to include in the instant petition.

Accordingly, it is HEREBY ORDERED that:

1. Petitioner is GRANTED thirty (30) days from the date of service of this Order to SUBMIT a SECOND AMENDED PETITION. The amended petition should be clearly and boldly titled "SECOND AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury;

2. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254; and,

3. Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated: August 17, 2010            /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE