1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AVINA, | 1:10-cv-00790 OWW MJS HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| DARREL G. ADAMS, | (Doc. 15) |
| Respondent. | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He proceeds *pro se.* Respondent is represented in the action by Janine W. Boomer, Esq., of the Office of the Attorney General for the State of California.

## I.    BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections. On May 5, 2010, Petitioner filed the instant petition challenging a 2008 prison disciplinary finding that resulted in a ninety day loss of good time credits and contributed to a ten year parole denial by the Board of Parole Hearings ("Board"). (See Pet., ECF No. 1, p. 5.)

On November 10, 2010, Respondent filed a motion to dismiss the petition for failure to state a cognizable claim alleging that the disciplinary decision does not affect the fact or

duration of Petitioner's confinement. Petitioner filed two separate oppositions on December 3 and December 30, 2010, respectively.

**II.   DISCUSSION**

    **A.   Procedural Grounds for Motion to Dismiss**

       Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

       The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

       Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicates that the court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See, e.g., Miles v. Schwarzenegger, 2008 U.S. Dist. LEXIS 72056, 2008 WL 3244143, at *1 (E.D. Cal. Aug. 7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a claim). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

///

///

**B.    Cognizability of Petitioner's Claim**

1.    Habeas Corpus Jurisdiction

A writ of habeas corpus is the appropriate federal remedy when "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to an immediate or speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Challenges to prison disciplinary convictions in which the inmate has lost time credits must be raised in a federal habeas corpus action unless the credits have been restored or the disciplinary conviction set aside. Edwards v. Balisok, 520 U.S. 641, 644 (1997). Federal habeas corpus jurisdiction also exists when a prisoner seeks "expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing McCollum v. Miller, 695 F.2d 1044, 1047 (7th Cir. 1982)); see also Docken v. Chase, 393 F.3d 1024, 1028-29, 1031 (9th Cir. 2004) (challenging state parole board's refusal to provide petitioner with annual review of his suitability for parole).

In Docken v. Chase, the Ninth Circuit clarified Bostic's definition of the word "likely" in this context. 393 F.3d at 1031. Expungement of a disciplinary finding is "likely" to accelerate a prisoner's eligibility for parole when his claim has "a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within the 'core' challenges identified by the Preiser Court." Docken, 393 F.3d at 1031. An inmate's claim strikes at the core of habeas corpus when it "attack[s] the very duration of [his] physical confinement itself" and seeks "immediate release or speedier release from that confinement." Preiser, 411 U.S. at 487-88, 498. The Ninth Circuit has concluded that a "sufficient nexus", and therefore habeas jurisdiction, exists where a prison inmate "seek[s] only equitable relief in challenging aspects of [his] parole review that . . . could potentially affect the duration of [his] confinement." Docken, 393 F.3d at 1031 (emphasis in original). "The likelihood of the effect on the overall length of the prisoner's sentence . . . determines the availability of habeas corpus." Id. at 1028 (quoting Ramirez, 334 F.3d at 858).

///

1    Respondent asserts, relying on Ramirez v. Galaza, that habeas jurisdiction does not

2   exist if a successful petition does not necessarily shorten Petitioner's sentence. See 334 F.3d

3   at 859 ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful

4   challenge to a prison condition will not necessarily shorten the prisoner's sentence."). In

5   Docken the Ninth Circuit explained that while such distinction applied to 28 U.S.C. § 1983

6   cases, it did not likewise limit habeas corpus cases. Docken, 393 F.3d at 1028.[1] "Ramirez

7   concerned a challenge to internal disciplinary procedures and the administrative segregation

8   that resulted from it. Ramirez's suit did not deal with the fact or duration of his confinement."

9   See, e.g., Docken, 393 F.3d at 1030 n.4. Docken rejected the premise that habeas and

10  section 1983 jurisdiction are mutually exclusive. Id. at 1031 ("As outlined above, the question

11  of the relationship between habeas and § 1983 relief has only explicitly come up before in

12  converse form: whether claims are *not cognizable* under § 1983 because their resolution will

13  necessarily impact the fact and duration of confinement. In the only instance where the

14  Supreme Court addressed whether habeas and § 1983 are necessarily mutually exclusive,

15  the suggestion was that they are not. We agree.") (emphasis in original; citations omitted.).

16    In summary, habeas corpus jurisdiction exists if a successful claim could potentially

17  affect the duration of confinement. Respondent incorrectly heightens the applicable standard

18  when it asserts that habeas jurisdiction requires a claim that, if granted, would necessarily

19  shorten a petitioner's sentence.

20              2.    Credit Loss and Petitioner's Minimum Eligible Parole Date

21    For California prisoners serving a maximum term of life with the possibility of parole,

22  good conduct credits are relevant to the determination of the prisoner's minimum eligible

23  parole date. See Cal. Code Regs., tit. 15, § 2400 ("The amount of good conduct credit that a

24  prisoner sentenced for first or second degree murder may earn to reduce the minimum eligible

25  _____

26    [1] "Thus, although Supreme Court case law makes clear that § 1983 is not available where a prisoner's
    claim 'necessarily' implicates the validity or duration of confinement, it does not set out any mirror-image limitation
27  on habeas jurisdiction. The Court's central concern, in all of the cases cited above, has been with how far the
    general remedy provided by § 1983 may go before it intrudes into the more specific realm of habeas, not the other
28  way around." Docken, 393 F.3d at 1028.

parole date is established by statute . . .  The department will determine the minimum eligible parole date. The length of time a prisoner must serve prior to actual release on parole is determined by the board."); Alley v. Carey, 2010 U.S. App. LEXIS 23068, 2010 WL 4386827, at *1 (9th Cir. Nov. 5, 2010) (unpublished) (good time credit affects minimum eligible parole date) (may be cited pursuant to Rule 36-3 of the Ninth Circuit Rules). When a prisoner reaches his minimum eligible parole date, good conduct credits are not awarded unless and until the Board grants parole. See Cal. Code. Regs., tit. 15, §§ 2403, 2410, 2411; Garnica v. Hartley, 2010 U.S. Dist. LEXIS 88776, 2010 WL 3069309, at *2 (E.D. Cal. Aug. 4, 2010) ("Good conduct credits are not awarded until parole is actually granted by the parole board."); Wilder v. Dickinson, 2011 U.S. Dist. LEXIS 30772 at *15 (C.D. Cal. Feb. 10, 2011).

In this case, Petitioner has reached his minimum eligible parole date but has not yet been granted parole. Accordingly, the Board has not calculated his release date, and that is the time it will determine if the loss of good time credits affects the duration of Petitioner's confinement. As Petitioner has not been granted parole, it is speculative whether the loss of good time credits will increase the term of confinement. Some courts have found that they lack jurisdiction to adjudicate such claims or, alternatively, that such claims are not ripe based on their speculative nature. See Stewart v. Singh, 2011 U.S. Dist. LEXIS 76426 at *27-28 (E.D. Cal. July 14, 2011). This Court need not make such a determination as Petitioner has shown, as described below, that the disciplinary violation affected the outcome of his parole suitability hearing.

### 3.   Effect on Petitioner's Parole Suitability Hearing

Pursuant to California Code of Regulations § 2402(a), the Board is required to determine petitioner's suitability for parole by considering: his "involvement in other criminal misconduct which is reliably documented;" his "behavior before, during, and after the crime;" and whether he "has engaged in serious misconduct in prison or jail." Cal. Code Regs. tit. 15, § 2402(b), (c)(6) (2010). Institutional behavior is given additional consideration because "[i]nstitutional activities indicate an enhanced ability to function within the law upon release." Id. § 2402(d)(9). Therefore, the Board is required to consider petitioner's prison disciplinary

1  record in determining his suitability for parole.

2          As noted, Respondent argues habeas jurisdiction is lacking because petitioner's
3  challenge will not necessarily shorten petitioner's sentence. This argument is unpersuasive.
4  Reversal or expungement of petitioner's conviction for the rules violation, if warranted, is both
5  "likely" to accelerate his eligibility for parole, <u>Bostic</u>, 884 F.2d at 1269, and "could potentially
6  affect the duration of [his] confinement." <u>Docken</u>, 393 F.3d at 1031. <u>See, e.g.</u>, <u>Rodarte v.</u>
7  <u>Grounds</u>, C 10-4517 RMW (PR), 2011 U.S. Dist. LEXIS 68011 at *5-13 (N.D. Cal. June 24,
8  2011) (Holding that expungement of disciplinary conviction is cognizable in habeas corpus
9  because it is likely to accelerate petitioner's eligibility for parole and/or could potentially affect
10  the duration of his confinement.); <u>Johnson v. Swarthout</u>, S-10-1568 KJM DAD, 2011 U.S. Dist.
11  LEXIS 43798, 2011 WL 1585859 at *2-3 (E.D. Cal. Apr. 22, 2011) (Findings and
12  recommendations recommending that habeas jurisdiction exists for a challenge to a
13  disciplinary decision, but no decision yet from the district judge); <u>Hardney v. Carey</u>, S-06-0300
14  LKK EFB, 2011 U.S. Dist. LEXIS 35603, 2011 WL 1302147 at *5-8 (E.D. Cal. Mar. 31, 2011)
15  (same); <u>Foster v. Washington-Adduci</u>, 2010 U.S. Dist. LEXIS 41578, 2010 WL 1734916 at *4
16  (C.D. Cal. Mar. 24, 2011) (Respondent's reliance on dictum from <u>Ramirez</u> was not persuasive
17  in case brought under § 2241 in the federal prison context ); <u>Murphy v. Dep't of Corr. &</u>
18  <u>Rehabilitation</u>, 2008 U.S. Dist. LEXIS 1691, 2008 WL 111226 at *7 (N.D. Cal. Jan. 9, 2008)
19  (habeas corpus jurisdiction is proper to challenge a disciplinary guilty finding because "[a]s a
20  matter of law, it is well established that a disciplinary violation may affect the duration of an
21  inmate's confinement."); <u>Drake v. Felker</u>, S-07-0577 JKS, 2007 U.S. Dist. LEXIS 91585, 2007
22  WL 4404432 at *2 (E.D. Cal. Dec. 13, 2007) (Habeas corpus jurisdiction found to exist over
23  a challenge to a disciplinary decision because "a negative disciplinary finding, at least in
24  California, necessarily affects potential eligibility for parole").

25          This Court recognizes that some district courts have held to the contrary. <u>See, e.g.</u>
26  <u>Rhodes v. Evans</u>, S-09-1842 JAM EFB, Docket Nos. 18, 20, 2011 U.S. Dist. LEXIS 12916
27  (E.D. Cal. Apr. 9, 2011) (District judge held that challenge to disciplinary decision was not
28  cognizable on habeas review, rejecting magistrates judge's recommendation); <u>Legare v.</u>

1  Ochoa, S-10-2379 AWI, 2011 U.S. Dist. LEXIS 20382, 2011 WL 795811 at *1 (E.D. Cal. Mar.

2  1, 2011) (Findings and recommendations recommending that habeas jurisdiction does not

3  exist for a challenge to a disciplinary decision, but no decision yet from the district judge);

4  Norman v. Salazar, 2010 U.S. Dist. LEXIS 52280, 2010 WL 2197541 at *2 (C.D. Cal. Jan. 26,

5  2010) ("the mere possibility that the 2006 disciplinary conviction could be detrimental to

6  Petitioner in future parole hearings is too speculative to serve as the basis for a habeas corpus

7  petition"); Santibanez v. Marshall, 2009 U.S. Dist. LEXIS 131033, 2009 WL 1873044 at *7

8  (C.D. Cal. June 30, 2009) (claim seeking expungement of disciplinary conviction not

9  cognizable on habeas review because it would have only speculative impact on the petitioner's

10  consideration for parole in the future).

11       Respondent relies on Sandin v. Conner, 515 U.S. 472, 487 (1995), to assert that the

12  effect of a finding of prison misconduct on the decision to release a prisoner is too attenuated

13  to invoke the protections of the Due Process Clause. Id. In Sandin, the Petitioner was placed

14  in administrative segregation based on his misconduct. Id. at 475-76. In determining petitioner

15  was not entitled to certain due process considerations, the Supreme Court reaffirmed its

16  holding in Wolff v. McDonnell, 418 U.S. 539, 553 (1974), that the loss of good time credits

17  implicates liberty interests that require minimum due process considerations. Sandin, 515 U.S.

18  at 477-478 ("We held that the Due Process Clause itself does not create a liberty interest in

19  credit for good behavior, but that the statutory provision created a liberty interest in a

20  'shortened prison sentence' which resulted from good time credits, credits which were

21  revocable only if the prisoner was guilty of serious misconduct.  The Court characterized this

22  liberty interest as one of 'real substance', and articulated minimum procedures necessary to

23  reach a mutual accommodation between institutional needs and objectives and the provisions

24  of the Constitution.'")  (citing Wolff, 418 U.S. at 556-57.).

25       Respondent also asserts that the Ninth Circuit in Wilson v. Terhune, 319 F.3d 477, 481-

26  83 (9th Cir. 2003) held that a parole denial is 'separate and distinct' from the disciplinary

27  violation process. In Wilson, the petitioner argued that a disciplinary violation (based on an

28  escape attempt) would adversely affect his future parole prospects. 319 F.3d at 482. The

Ninth Circuit concluded that a disciplinary violation does not create a presumption of collateral consequence.  Further, "the decision to grant parole is discretionary" and the violation would be only one factor among many considered by the Board. <u>Id.</u> The court also noted that the Board would likely consider the underlying conduct, which the petitioner did not deny, rather than the violation itself, so expunging the violation would not improve his parole prospects. <u>Wilson</u>, 319 F.3d at 482.

Here, unlike <u>Wilson</u>, Petitioner denies the charges underlying the disciplinary violation. It is therefore possible that expungement of the violation from his record would improve his parole prospects to the extent that the violation, and the conduct underlying it, would no longer be considered by the Board or by petitioner's evaluating psychologists. At Petitioner's last parole hearing, the commissioner specifically referred to the violation as a reason for parole unsuitability.

> A factor of unsuitability would be his serious misconduct while incarcerated. Mr. Avina has atrocious conduct while incarcerated. He has eight 115s. Six of those 115s are for violent acts. His most recent 115 in 9 of 2008 was for fighting. He has 115s for mutual combat, and clearly has not avoided himself of violence while incarcerated, as evidenced by his most recent 115.

(Mot. to Dismiss, Ex. 1 at 99-100.)

Further,

> Thank you, and in summarizing the institutional adjustment, Mr. Avina has programmed in a limited manner. He continues to display negative behavior while incarcerated. As a result, he has been placed in special housing, which is known as AD Seg, which has limited his ability to demonstrate parole readiness. His disciplinary record is extensive while in prison. He has a pattern of not following the rules. Most recently had a 115 in 2008 for violence which makes the Panel concerned that he will have a difficult time following the conditions of parole.

(<u>Id.</u> at 101.)

Based on various unsuitably factors, including the violation he is presently challenging, Petitioner received a ten year parole denial. (<u>Id.</u> at 106.) Petitioner challenges the violation and the underlying conduct which formed the basis of the violation. As the Board directly relied on Petitioner's violation, Petitioner has shown actual consequences from the disciplinary violation. The Court need not rely on a presumption of collateral consequences. <u>Wilson</u> is inapplicable.

1    Based on the record in the instant case, the undersigned finds that Petitioner has stated

2   a federal claim. The disciplinary finding for fighting is "criminal misconduct which is reliably

3   documented." Cal. Code Regs. tit. 15 § 2402(b). The Board is required to consider the

4   violation because it reflects on petitioner's behavior "after the crime." Id. The Board explicitly

5   relied on petitioner's disciplinary findings as one of many reasons in denying him parole. Thus,

6   it is at least 'likely' that expungement of the disciplinary finding could accelerate petitioner's

7   eligibility for parole. Bostic, 884 F.2d at 1269.

8    While it is arguable that some disciplinary findings could be too insignificant for habeas

9   jurisdiction, fighting and acts of violence are clearly relevant to determining if Petitioner poses

10  a threat to society if released on parole. Therefore, the instant disciplinary finding is significant

11  enough to warrant habeas review from this court.

12  **III.    CONCLUSION**

13   Petitioner's disciplinary violation affects the length of his sentence as it may significantly

14  affect his chances to be granted parole. As Petitioner's claim is potentially cognizable, the

15  Court recommends that Respondent's motion to dismiss be denied.

16  **IV.    RECOMMENDATION**

17   Accordingly, the Court RECOMMENDS that the motion to dismiss for failure to state

18  a cognizable claim be DENIED.

19   This Findings and Recommendation is submitted to the assigned United States District

20  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

21  Local Rules of Practice for the United States District Court, Eastern District of California.

22  Within thirty (30) days after the date of service of this Findings and Recommendation, any

23  party may file written objections with the Court and serve a copy on all parties.  Such a

24  document should be captioned "Objections to Magistrate Judge's Findings and

25  Recommendation."  Replies to the Objections shall be served and filed within fourteen (14)

26  days after service of the Objections.  The Finding and Recommendation will then be submitted

27  to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

28  (b)(1)(c).  The parties are advised that failure to file objections within the specified time may

1   waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

2   Cir. 1991).

3

4   IT IS SO ORDERED.

5   Dated: ___July 21, 2011___                      /s/ *Michael J. Seng*
                                                     UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28