UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AVINA, | 1:10-cv-00790-AWI-MJS (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATION |
| v. | ORDER DENYING RESPONDENT'S MOTION TO DISMISS |
| DARREL G. ADAMS, | |
| Respondent. | (Documents #15 & #34) |

    The facts and issues in this action are well known to the parties and need not be fully discussed here.  In short, Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   Petitioner's habeas petition challenges a 2008 prison disciplinary violation, which resulted in a ninety day loss of time credits.  Because Petitioner is serving an indeterminate life sentence and his minimum eligible parole date has already passed, under California law, the credit loss will not directly lengthen the duration of Petitioner's confinement by ninety days.[1]   However, in his petition Petitioner contends that the disciplinary violation contributed to a ten year parole denial by the Board of Parole Hearings ("Board").   Further, Petitioner contends the Board will be influenced by the disciplinary violation at future parole hearings.

---

[1] For the purposes of this motion only the court will presume that Respondent's arguments and contentions concerning how credits are applied to prisoners serving an indeterminate life sentence is correct.

1

Respondent filed a motion to dismiss that contends this court does not have habeas corpus jurisdiction in this action because the disciplinary decision will not impact the fact or duration of Petitioner's confinement.  Petitioner opposed Respondent's motion.  On December 23, 2011, the Magistrate Judge issued a Findings and Recommendation that recommended the motion to dismiss be denied.  The Findings and Recommendation was served on all parties with notice that any objections were to be filed within thirty days of the order's date of service.  Respondent filed objections on January 25, 2012, and Petitioner filed a reply on February 18, 2012.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case and adopts in full the Findings and Recommendation.  As explained by the Magistrate Judge, habeas corpus jurisdiction exists when a petitioner seeks expungement of a disciplinary violation from his record if the expungement is likely to accelerate the petitioner's release on parole.  Martin v. Tilton, 430 Fed.Appx. 590, 591, 2011 WL 1624989, at *1 (9th Cir 2011)[2]; Docken v. Chase, 393 F.3d 1024, 1028 (9th Cir. 2004); Bostic v. Carlson,  884 F.2d 1267, 1269 (9th Cir. 1989).  Whether a habeas corpus petition should be dismissed requires the court to consider "the likelihood of the effect on the overall length of the prisoner's sentence [in determining] the availability of habeas corpus."  Martin, 2011 WL 1624989, at *1;  Docken, 393 F.3d at 1028.

Given this authority, the relevant question before the court is whether the expungement of the disciplinary violation will likely accelerate Petitioner's release on parole or "could potentially affect the duration of his confinement."  Docken, 393 F.3d at 1031.  The court adopts the Magistrate Judge's analysis that expungement of the disciplinary violation, if warranted, could potentially affect the duration of Petitioner's confinement by making it more likely that Petitioner's release on parole will be accelerated.  As such, the court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper

---

[2] Pursuant to Ninth Circuit Local Rule 36–3, unpublished dispositions issued on or after January 1, 2007, may be cited by the District Courts of the Ninth Circuit in accordance with Fed. R.App. P. 32.1; But, they are not precedent.

analysis and the Findings and Recommendation is fully adopted.   As explained below, Respondent's objections do not provide a reason to not adopt the Findings and Recommendation.

Respondent contends habeas corpus jurisdiction is only available when a successful challenge to a disciplinary violation ***will necessarily accelerate*** a petitioner's release.   This standard is found in Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir.2003).  In Ramirez, the plaintiff filed a civil rights action under 42 U.S.C. § 1983.  Id. at 852.   The plaintiff alleged that his constitutional rights were violated by the procedures utilized in a prison disciplinary hearing.  Id.  The District Court dismissed the complaint and found that Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997), required the plaintiff to invalidate his disciplinary violation before filing a civil rights complaint.

Respondent is correct that in Ramirez the Ninth Circuit stated that the court's inquiry in a civil rights complaint should be whether a successful challenge to the procedures used in the hearing "could be such as necessarily to imply the invalidity of the judgment" and a reduction of the length of plaintiff's confinement.  Ramirez, 334 F.3d at 859.  However, in the same opinion, the Ninth Circuit also affirmed that the court has jurisdiction over a habeas corpus petition for "expungement of a disciplinary finding from [Petitioner's] record if expungement is likely to accelerate the prisoner's eligibility for parole."  Id. at 858.  As such, Ramirez is either internally inconsistent or different jurisdictional rules apply to civil rights actions and habeas corpus petitions.   Either way the court finds Ramirez does not mandate the "necessarily" requirement when finding jurisdiction over a habeas corpus action.

The court finds that the Supreme Court has not imposed a "necessarily" requirement in habeas corpus actions.  In Wilkinson v. Dotson, 544 U.S. 74 (2005), the Supreme Court addressed whether a "state prisoner's § 1983 action is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  Id. at 81–82.   As the Ninth Circuit pointed out in Docken, the concern in Wilkinson, along with most cases on this subject, has primarily been "how far the general remedy provided by § 1983 may go before it intrudes into the more specific realm of habeas, not

1 the other way around . . . .   Put simply, when the Supreme Court has concerned itself with the
2 interaction between § 1983 and habeas, it has looked in only one direction." Docken, 393 F.3d
3 at 1027.   "[T]here are some circumstances concerning prison conditions in which both habeas
4 corpus and § 1983 suits may lie—that is, that the two remedies are not always mutually
5 exclusive so long as the 'core' or 'heart' of habeas corpus is not implicated." Id. at 1027.
6 Thus, the court rejects the contention that habeas corpus relief is automatically unavailable if a
7 civil rights action is available.

8   Finally, the court does recognize the inconsistent conclusions the District Courts of the
9 Ninth Circuit and Judges within the Eastern District of California have made concerning habeas
10 corpus jurisdiction where a petitioner challenges a disciplinary violation but no prison credits
11 were lost or the petitioner is unable to receive prison credits.  See Birdwell v. Martel, 2012 WL
12 761914 (E.D.Cal. Mar 07, 2012) (findings and recommendations providing numerous examples
13 of conflicting opinions).   However, after evaluating Docken, most District Courts that have
14 *recently* addressed this issue have found jurisdiction.   See, e.g., Martin, 2011 WL 1624989, at
15 *1; Chavez v. Lewis, 2012 WL 538242  (N.D.Cal. Feb 17, 2012); Young v. Sisto, 2012 WL
16 125520 (E.D.Cal. Jan 17, 2012);  Morris v. Haviland, 2011 WL 3875708 (E.D.Cal. Sep 01,
17 2011); Maxwell v. Neotti,  2010 WL 3338806 (S.D.Cal. July 15 2010).  The court finds the
18 reasoning of these newer cases persuasive.  The court agrees with the Magistrate Judge that this
19 court has jurisdiction to consider Petitioner's habeas corpus petition.

20   Accordingly, IT IS HEREBY ORDERED that:
21   1. The Findings and Recommendation issued December 23, 2012, is ADOPTED IN
22    FULL;
23   2. Respondent's Motion to Dismiss is DENIED; and
24   3. The matter is referred to the assigned Magistrate Judge for further adjudication
25    consistent with this order.
26 IT IS SO ORDERED.
27
28 Dated:   March 29, 2012               
                CHIEF UNITED STATES DISTRICT JUDGE